IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD PIERCE GREGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:09cv663WC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Plaintiff Richard Pierce Greggs applied for supplemental security income pursuant to Title XVI of the Social Security Act (Act), 42 U.S.C. § 1381-1383c. Plaintiff's application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #8).  Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was twenty-one years old at the time of the hearing before the ALJ and had a ninth grade education. (Tr. 3 & 32). Plaintiff's only past work experience was as a part-time laborer. (Tr. 34). Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date of February 22, 2006 (Step 1). (Tr. 14). At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: seizure disorder; epilepsy; a learning disability in the area of math; a depressive disorder; a mood disorder; and a personality disorder (Tr. 14). The ALJ then found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments (Step 3). (Tr. 15-17). Next, the ALJ found that Plaintiff retained the residual functional capacity to perform a range of unskilled work at all exertional levels that did not involve, "hazardous activities, such as working around moving equipment; operating automotive equipment; climbing ladders, ropes, and scaffolds; and working around unprotected heights and open water." (Tr. 17). The ALJ also determined that Plaintiff had no past relevant work, (Tr. 21), and, using the grids, found that Plaintiff could perform jobs that exist in significant numbers in the regional and national economy (Step 4). (Tr. 21-22). Accordingly, the ALJ determined that Plaintiff is not disabled. (Tr. 22).

## IV.   PLAINTIFF'S CLAIMS

Plaintiff raises four issues for this court's consideration: (1) "[w]hether the ALJ erred by relying solely on the Medical Vocational Guidelines;"  (2) "[w]hether the ALJ failed to make the required specific finding as to the cumulative effect of [Plaintiff's] impairments;" (3) "[w]hether the ALJ erred by failing to state the weight he afforded to the different medical opinions;   (4) "[w]hether [Plaintiff's] timely submission of new and material evidence warrants remand." Pl.'s Brief (Doc. #11) at 1.  The court will address these claims in turn.

## V.   DISCUSSION

### A.   *Whether the ALJ erred by relying solely on the Medical Vocational Guidelines*

Plaintiff argues that, due to his nonexertional limitations, the ALJ improperly relied on the grids.  Plaintiff also argues that, as a result of the ALJ's improper reliance on the grids, he also failed to solicit the services of a VE and to articulate specific jobs that Plaintiff could preform.  In contrast, the Commissioner argues that, because the ALJ determined Plaintiff's exertional and nonexertional limitations did not erode the occupations base, exclusive reliance on the grids, and thus failure to call a VE and articulate specific jobs, was not error.

"The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs

exist in the national economy that a claimant is able to perform. However, 'exclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform the full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004) (*quoting Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)) (emphasis in original). The Eleventh Circuit has defined the "full range of work" as "being able to do 'unlimited' types of work at the given exertional level." *Id.* Where the claimant's exertional limitations do not preclude the performance of a full range of work at a given level, the ALJ must next consider whether the claimant's nonexertional limitations limit the claimant's "basic work skills." The claimant's "basic work skills" are significantly limited if non-exertional impairments prohibit the "claimant from performing 'a *wide* range' of work at a given level." *Id.* at 1243 (*quoting Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995)) (emphasis in original).

In this case, the ALJ found that Plaintiff required no exertional limitations. Next, after considering Plaintiff's non-exertional limitations, the ALJ found that Plaintiff would be limited from performing skilled work, and, due to his seizure disorder, hazardous activities including: working around moving equipment; operating automotive equipment; climbing ladders, ropes, and scaffolds; and working around unprotected heights and open water. (Tr. 17). However, the ALJ, relying on the Social Security Rulings (SSR), found that Plaintiff could perform jobs that exist in significant numbers in the regional and national economy.

*Id*.

The court has reviewed the ALJ's RFC determination and has found no error. The medical evidence in this case supports the ALJ's determination that Plaintiff can perform a full range of unskilled work at all exertional levels. As the Commissioner rightly points out, Dr. Searcy referred Plaintiff to vocational rehabilitation and Dr. Ferrell advised Plaintiff against seeking disability (Tr. 19-21). Further, medical evidence showed that Plaintiff could reasonably control his seizures through medication. (Tr. 19).

The court has also determined that, because the limitations specified in the RFC do not erode the occupational base, the ALJ did not error in exclusively relying on the grids. SSR 85-15 provides as follows: "[a] person with a seizure disorder who is restricted only from being on unprotected elevations and near dangerous moving machinery is an example of someone whose environmental restriction does not have a significant effect on work that exist at all exertional levels." All of the limitations placed on Plaintiff relate to the seizure disorder and involve unprotected elevations and dangerous moving machinery (as well as open waters). Accordingly, Plaintiff's non-exertional impairments do not prohibit him "from performing 'a *wide* range' of work at a given level." *Barnhart*, 357 F.3d at 1242.

Further, the ALJ could properly rely on an agency ruling to establish that there are significant jobs that Plaintiff could perform in the regional and national economy. As stated above, the ALJ determined that Plaintiff could perform unskilled work at all exertional levels and based on SSR 85, his nonexertional limitations imposed do not erode the occupational

base. The ALJ's reliance on agency rulings, rather than calling a VE, was proper. *See, e.g., Miller v. Astrue*, 2010 WL 1268079 (M.D. Ala. Mar. 30, 2010) ("[T]his court cannot conclude that the ALJ's reliance on SSR 85-15 as vocational evidence to establish that Miller's residual functional capacity for light work did not significantly reduce the occupational base for the exertional level of work is misplaced."); *Williams v. Astrue*, No., 2009 WL 902485, *5 (M.D. Ala. March 31, 2009) (finding ALJ was not required to consult a vocational expert where SSR 83-14 and 85-15 were referenced as authority when determining claimant's non-exertional impairments would have little or no effect on the occupational base of unskilled light work). Accordingly the court finds no error.

> **B.    Whether the ALJ failed to make the required specific finding as to the cumulative effect of [Plaintiff's] impairments, and whether the ALJ erred by failing to state the weight he afforded to the different medical opinions**

In this section, Plaintiff argues that the ALJ erred by failing to properly articulate his findings in relation to some of the medical evidence that Plaintiff argues supports his claim of disability. He also argues that the ALJ's failure to specifically articulate his findings as to this evidence shows that he did not consider its cumulative effect in combination with Plaintiff's other impairments. The Commissioner counters that much of the evidence Plaintiff points to in these arguments predates the relevant period and is irrelevant.

Indeed, Plaintiff filed his application for supplemental benefits on February 24, 2006, alleging an onset date of December 1, 2005. (Tr. 81-87). The ALJ properly looked to the

9

medical evidence presented by Plaintiff that related to the relevant period. *See Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999) ("We review the decision of the ALJ as to whether the claimant was entitled to benefits during a specific period of time. . ."); *see also Cassidy v. Comm'r of Soc. Sec. Admin.*, 2010 WL 2412435, *1 (11th Cir. 2010) ("The burden was on [Plaintiff] to establish his entitlement to benefits during a specific time period."); *Goff ex rel. Goff v. Comm'r of Soc. Sec. Admin.*, 253 F. App'x 918, 922 (11th Cir. Nov. 15, 2007) (distinguishing between medical opinions offered during the relevant time period as opposed to those that relate back several years).

Further, substantial evidence supports the ALJ's finding that Plaintiff's impairments, or combination of impairments did not meet or equal a listing. As the ALJ set forth in his decision, Plaintiff was making progress in dealing with his ADHD, his seizure disorder was controllable through medication, and, importantly, "[n]o treating source of record ha[d] opined that the claimant [was] precluded from work activity because of limitations caused by any medically determinable impairment." (Tr. 19). In fact, Dr. Searcy and Dr. McKeown referred Plaintiff to vocational rehabilitation, and Dr. Ferrell encouraged Plaintiff to not "go on disability and get old and fat." *See id*. The information presented by Plaintiff that falls outside the relevant time period is not compelling. It is ultimately Plaintiff's responsibility to prove his disability claim and provide relevant evidence in support. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) ("Finally, the burden shifts back to the claimant to prove [he] is unable to perform the jobs suggested by the Secretary.").

The court has reviewed the decision by the ALJ and has determined that he properly considered the relevant medical evidence and properly articulated the weight which he afforded the evidence.

### C.     *Whether Plaintiff's timely submission of new and material evidence warrants remand.*

After the hearing before the ALJ, Plaintiff submitted new evidence for the Appeals Counsel to consider. The Appeals Counsel denied review of the ALJ's decision. Plaintiff argues that the Appeals Counsel erred by denying review, because the new evidence raised a reasonable possibility that the ALJ would likely have changed his decision. The Commissioner argues that the evidence would not have changed the ALJ's decision and that the evidence submitted related to events outside the relevant time period.

"The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (quoting 20 C.F.R. § 404.970(b)). The evidence in question is a report by a rehabilitation counselor (Tr. 471-72), as well as notes of Plaintiff's attempts to attend work training (Tr. 475-81).

The letter by the counselor opines that while Plaintiff has work potential, his mental illness and behavioral issues prevented him from working in a competitive environment. (Tr. 472). Thus, Plaintiff was terminated from the work program. *Id*. Plaintiff asserts that this

11

evidence is enough to raise a reasonable possibility that it would have changed the ALJ's decision because the ALJ referenced the need for Plaintiff to seek and receive occupational rehabilitation. The court does not agree. The opinion of the occupational counselor does not overcome the strong medical evidence in this case, especially the opinion of the treating physicians that Plaintiff could work.

Further, the Commissioner is correct that the evidence is not material because it does not cover the relevant time period. The letter is dated November 24, 2008, six months after the ALJ's decision, and relates to rehabilitation he received after the ALJ's decision. As the Court of appeals stated in *Wilson*, "[w]e review the decision of the ALJ as to whether the claimant was entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision." 179 F.3d at 1279. This is to what the *Ingram* court refers when it requires that the new evidence be "chronologically relevant." 496 F.3d at 1261. Here, the information relates to a period of time after the ALJ's decision and is thus irrelevant. *Wilson*, 179 F.3d at 1279 (evidence relating to period of time after ALJ's decision is irrelevant).

## VI.  CONCLUSION

The Court has carefully and independently reviewed the record and, for the reasons stated above, concludes the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

DONE this 22nd day of June, 2010.

                                    /s/ Wallace Capel, Jr.
                                    WALLACE CAPEL, JR.
                                    UNITED STATES MAGISTRATE JUDGE